1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIMITRI Z. STORM,                          Case No.  1:24-cv-00215-JLT-HBK (PC)

12                  Plaintiff,                   FINDINGS AND RECOMMENDATIONS TO
                                                 DISMISS ACTION WITHOUT PREJUDICE[1]
13          v.
                                                 (Doc. No. 18)
14   OFFICE OF THE CALIFORNIA
     GOVERNOR, et al.,                           14-DAY DEADLINE
15
                   Defendants.
16

17

18          Plaintiff Dimitri Z. Storm is a state prisoner proceeding pro se and *in forma pauperis* in

19   this civil rights action.  For the reasons set forth below, the undersigned recommends that the

20   District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court

     order and prosecute this action.
21
                                       **BACKGROUND**
22
            Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.
23
     (Doc. No. 1, "Complaint").  On October 30, 2024, pursuant to 28 U.S.C. § 1915A the Court
24
     issued a screening order finding Plaintiff's First Amended Complaint failed to state a federal
25
     claim against any Defendant.  (*See generally* Doc. No. 18).  The Court afforded Plaintiff three
26

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

options to exercise no later than November 25, 2024: (1) file an amended complaint; (2) file a notice that he intends to stand on his FAC subject to the undersigned recommending the district court dismiss for reasons stated in the October 30, 2024 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served. (*Id*. at 8-9). Plaintiff was required to deliver his response to the Court's Screening Order to correctional officials for mailing no later than November 25, 2024. (*Id*. at 9 ¶ 1). The Court expressly warned that Plaintiff's "failure to timely comply with this Order will result in the undersigned recommending the district court dismiss this case for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. ¶ 2). As of the date of these Findings and Recommendations, Plaintiff has failed to file a response to the Court's October 30, 2024 Screening Order, or request an extension of time to comply, and the time to do so has expired.[2] (*See* docket.)

## APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone*

---

[2] As of the date of these Findings and Recommendations, 15 days from the date Plaintiff was required to deliver his response to the October 30, 2024 Screening Order to correctional officials for mailing has elapsed.

1   *v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with

2   a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

3   to prosecute and to comply with local rules).   In determining whether to dismiss an action, the

4   Court must consider the following factors: (1) the public's interest in expeditious resolution of

5   litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

6   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

7   drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

8   1988).

9            **B.  Analysis**

10          After considering each of the above-stated factors, the undersigned concludes dismissal

11   without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of

12   litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*

13   *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

14          Turning to the second factor, this Court's need to efficiently manage its docket cannot be

15   overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in

16   filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, had

17   operated under a declared judicial emergency through May 2, 2021.  *See In re Approval of the*

18   *Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir.

19   2020).  This Court's time is better spent on its other matters than needlessly consumed managing

20   a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant

21   ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second

22   factor weighs in favor of dismissal.

23          Delays inevitably have the inherent risk that evidence will become stale, or witnesses'

24   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

25   factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

26   to defendant—weighs in favor of dismissal since a presumption of injury arises from the

27   unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

28   1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

1   the third factor weighs in favor of dismissal.

2          The fourth factor usually weighs against dismissal because public policy favors the

3   disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

4   However, "this factor lends little support to a party whose responsibility it is to move a case

5   toward disposition on the merits but whose conduct impedes progress in that direction," which is

6   the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

7   1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

8   multiple failures by aspiring litigants to follow the rules and requirements of our courts."

9   *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

10  dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

11  order and noting "the weight of the docket-managing factor depends upon the size and load of the

12  docket, and those in the best position to know what that is are our beleaguered trial judges.").

13  Additionally, the Court has already determined the operative pleading did not state a cognizable

14  federal claim.

15         Finally, the Court's warning to a party that failure to obey the court's order will result in

16  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

17  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's October 30, 2024

18  Screening Order expressly warned Plaintiff that his failure to respond to the Court's Order would

19  result in a recommendation of dismissal of this action.  (Doc. No. 18 at 9 ¶ 2).  Thus, Plaintiff had

20  adequate warning that dismissal could result from his noncompliance.  And the instant dismissal

21  is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice,

22  thereby satisfying the fifth factor.

23         After considering the factors set forth *supra* and binding case law, the undersigned

24  recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

25         Accordingly, it is hereby **RECOMMENDED**:

26         This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

27  and failure to prosecute.

28         ////

1

**NOTICE TO PARTIES**

2          These Findings and Recommendations will be submitted to the United States District

3   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

4   after being served with a copy of these Findings and Recommendations, a party may file written

5   objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

6   "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

7   **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

8   wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

9   CM/ECF document and page number, when possible, or otherwise reference the exhibit with

10  specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

11  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

12  636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

13  waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

14

15  Dated:    __December 9, 2024__

16                                                            HELENA M. BARCH-KUCHTA
                                                             UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

5